IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| DEWAYNE MARKS SHELTON, PRO SE, <br> also known as DEWAYNE SHELTON, <br> TDCJ-CID ID No. 1254161, <br> Previous TDCJ-CID ID No. 501982, <br> Previous TDCJ-CID ID No. 597443, <br> Previous TDCJ-CID ID No. 654289, <br><br> Plaintiff, <br><br> v. <br><br> JANELLE C. HOLLOWAY, CO IV; <br> JULIE M. EVANS, Counsel Substitute; <br> VICKIE D. BROWN, Counsel Substitute; <br> DONALD C. DEAN, JR., Disciplinary <br> Hearing Officer/Captain; <br> BARRY L. MARTIN, Senior Warden; and <br> JAMES R. BEACH, Asst. Warden, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § | 2:15-CV-0281 |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff DEWAYNE MARKS SHELTON, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff alleges that, on June 16, 2013, defendant HOLLOWAY wrote a false disciplinary case against him for being out of place, stating he was in the dayroom while he was on recreation restriction. Plaintiff states that defendant Counsel-Substitute EVANS informed him of the charges on June 18, 2013 and remarked that he had filed a grievance against her

(EVANS).  He says he asked for various prison records and video footage to utilize in his disciplinary hearing to show his innocence.  Plaintiff states a major disciplinary hearing was conducted on June 19, 2013 by defendant Captain DEAN, acting as the Disciplinary Hearing Officer.  Plaintiff alleges that, when he was allowed to make a statement, he informed defendant DEAN of the evidence he wanted introduced to show his innocence and explained its relevance.  Plaintiff alleges defendant Captain DEAN turned off the tape recorder, Counsel-substitute EVANS gave false information which was unrelated to plaintiff's offense (plaintiff does not say what that false information was), and defendant DEAN then confronted plaintiff about a grievance he had filed against DEAN under grievance no. 2013149766.  Plaintiff says Captain DEAN instructed him to file a 'no plea" to the disciplinary case or he would give plaintiff fifteen days in solitary and confiscate his line class.  Plaintiff says DEAN then turned on the tape reorder and asked plaintiff how he pled and plaintiff pled not guilty.  Plaintiff alleges DEAN then postponed the hearing because he could not contact the charging officer (defendant HOLLOWAY) for her testimony.

Plaintiff alleges the hearing was continued on June 25, 2013, with Counsel-Substitute VICKIE D. BROWN representing him instead of defendant EVANS.  This time, defendant Captain DEAN, still acting as disciplinary hearing officer, was able to contact defendant HOLLOWAY and defendant HOLLOWAY gave testimony which plaintiff says was false.  Plaintiff's allegations at this point are not clear, but it appears plaintiff alleges DEAN then informed HOLLOWAY of a false statement EVANS made to DEAN and HOLLOWAY stated that "it makes no differants [sic] whether [plaintiff] was let out of [his] cell before or after count time cleared."  Plaintiff says he then found that neither EVANS nor BROWN had gathered the

evidence he had requested and, when he asked defendant BROWN at the hearing to get it for him, she refused to get it. Plaintiff also asked defendant DEAN to get the evidence for him, but he refused in retaliation for the grievance plaintiff had filed against him.

It appears plaintiff was found guilty of the disciplinary case, as, among the relief he requests, is that disciplinary case no. 2014029145 be reversed and expunged from his record.

Plaintiff alleges he wrote two complaints to defendant SENIOR WARDEN MARTIN, who failed or refused to remedy the situation.

Plaintiff further alleges he received a Unit Classification Committee hearing on June 28, 2013, but that only two people constituted the Classification Committee, defendant Captain DEAN and defendant Asst. Warden BEACH. Plaintiff alleges that, when he entered the room, defendant DEAN told defendant BEACH plaintiff was the person who had filed a grievance against DEAN and another one against defendant EVANS. He says DEAN told defendant Asst. Warden BEACH to send plaintiff to 3 Building, Medium Custody. Plaintiff says defendant BEACH would not let him speak and told plaintiff he was now G-4 and to leave. Plaintiff alleges defendant BEACH handled his step 1 grievance and "failed to remedy the issues mentioned."

Plaintiff requests punitive damages from each defendant in the amount of $25,000.00 for each violation of his constitutional rights and that the major disciplinary case no. 20130291345 be overturned and expunged from his records.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's original complaint and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**Defendant HOLLOWAY**

Plaintiff alleges defendant HOLLOWAY wrote a false disciplinary case against him and gave false testimony at the disciplinary hearing. There is no longer a freestanding section 1983 claim for malicious prosecution in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. Additionally, there is no caselaw holding that the making of a false statement during a prison disciplinary proceeding itself violates any right protected by the Constitution or laws of the United States. *See, e.g., Spellmon v. Price*, 100 F.3d

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

953, 1996 WL 625422 (5th Cir., October 10, 1996) (rejecting claim that prisoner has liberty interest in not having false statements, reports and evidence presented at a disciplinary hearing); *Crumbley v. Dawson*, civil action no. 9:09-CV-14, 2010 WL 2209189 (E.D.Tex., May 28, 2010), *aff'd* 485 Fed.Appx. 1 (5th Cir. 2012 ) (citing *Briscoe v. La Hue*, 460 U.S. 325, 330-31, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (no cause of action against an officer who changed his testimony so as to testify falsely in a prison disciplinary proceeding). Plaintiff's claims against defendant HOLLOWAY lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendants EVANS and BROWN**

Plaintiff alleges these defendants failed to gather and present evidence he requested to prove his innocence at his disciplinary hearing and that they failed to advocate for him.

A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claims against defendants EVANS and BROWN lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant MARTIN**

Plaintiff is suing defendant Senior Warden MARTIN because he did not satisfactorily resolve plaintiff's complaints contained in two letters plaintiff mailed to him. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have such complaints investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant Senior Warden MARTIN lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff DEWAYNE MARKS SHELTON against defendants HOLLOWAY, EVANS, BROWN, and MARTIN be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

Plaintiff's claims against defendants DEAN and BEACH remain pending.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22 day of September, 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).